UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------
MOHAMMED OMAR,

                                      Plaintiff,

        -against-

ROOSEVELT ISLAND PEACE OFFICER DAN FLAHERTY, Shield
No. 270, in his Individual Capacity, ROOSEVELT ISLAND PUBLIC
SAFETY SERGEANT RAUL HERNANDEZ, Shield No. 1498, in his
Individual Capacity, ROOSEVELT ISLAND PUBLIC SAFETY
DETECTIVE MICHAEL CABASSA, Shield no. 1867, in his Individual
Capacity, ROOSEVELT ISLAND PEACE OFFICER WAYNE JONES,
Shield No. 4918, in his Individual Capacity, and ROOSEVELT ISLAND
PEACE OFFICER J. WALKER, Shield No. 1828, in her Individual
Capacity,

                                      Defendants.
-------------------------------------------------------------------------------

**SECOND AMENDED COMPLAINT**

13 Civ. 8264 (NRB)

**JURY TRIAL DEMANDED**

Plaintiff, MOHAMMED OMAR, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Amended Complaint, respectfully alleges, upon information and belief:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, MOHAMMED OMAR, is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, The Roosevelt Island Operating Corporation (RIOC), maintain and control The Roosevelt Island Public Safety Department (RIPSD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned corporations.

8. At all times hereinafter mentioned, the individually named defendants, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

9. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the Roosevelt Island Operating Corporation.

10. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by the Roosevelt Island Operating Corporation.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by the Roosevelt Island Operating Corporation.

## FACTS

12. On or about December 9, 2012, at approximately 1:15 a.m., plaintiff MOHAMMED OMAR, was lawfully present inside of his place of employment at 579 Main Street on Roosevelt Island in the County and State of New York.

13. At that time and place, the individually named officers approached plaintiff, slammed him against a refrigerator, handcuffed his arms tightly behind his back, and struck him about the legs repeatedly with a night stick.

14. At no time on December 9, 2012 did plaintiff commit any crime or violation of law.

15. At no time on December 9, 2012 did defendants possess probable cause to arrest plaintiff.

16. At no time on December 9, 2012 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

17. The force employed by defendants against the plaintiff on December 9, 2012 was unprovoked and unnecessary to secure plaintiff's arrest, and was otherwise unprivileged.

18. Defendants thereafter transported plaintiff to a nearby police precinct.

19. In connection with his arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office.

20. As a result of the defendants' conduct, the plaintiff was charged with Obstructing Governmental Administration in the Second Degree and Resisting Arrest.

21. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

22. Specifically, defendants falsely, knowingly, and maliciously alleged that plaintiff

interfered with the defendants' arrest of another individual by pulling OFFICER FLAHERTY away from a separately apprehended individual, and flailing his arms to resist arrest.

23. As a direct result of his unlawful arrest and the unlawful acts of the defendants, plaintiff spent approximately 36 hours in custody.

24. Additionally, as a direct result of the defendants' unlawful actions, plaintiff spent approximately seven months making numerous court appearances.

25. Despite defendants' actions, all charges against plaintiff, MOHAMMED OMAR, were dismissed on July 8, 2013.

26. As a result of the foregoing, plaintiff MOHAMMED OMAR sustained, *inter alia*, physical injury, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

27. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

28. All of the aforementioned acts deprived plaintiff, MOHAMMED OMAR, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police/peace officers with all the actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police/peace officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK, The Roosevelt Island Operating Corporation, and the Roosevelt Island Public Safety Department, all under the supervision of ranking officers of said

department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### FIRST CLAIM FOR RELIEF FOR
### FALSE ARREST UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

33. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

34. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### SECOND CLAIM FOR RELIEF FOR
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

36. Defendants misrepresented and falsified evidence before the New York County District Attorney.

37. Defendants did not make a complete and full statement of facts to the District Attorney.

38. Defendants withheld exculpatory evidence from the District Attorney.

39. Defendants were directly and actively involved in the initiation of criminal

proceedings against plaintiff, MOHAMMED OMAR.

40. Defendants lacked probable cause to initiate criminal proceedings against plaintiff, MOHAMMED OMAR.

41. Defendants acted with malice in initiating criminal proceedings against plaintiff, MOHAMMED OMAR.

42. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff, MOHAMMED OMAR.

43. Defendants lacked probable cause to continue criminal proceedings against plaintiff, MOHAMMED OMAR.

44. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

45. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor on or about July 8, 2013 when the charges against him were dismissed in their entirety.

46. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and his constitutional rights were violated.

### THIRD CLAIM FOR RELIEF
### FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

47. Plaintiff, MOHAMMED OMAR, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

48. The force employed by the individually named defendants was unreasonable given the facts and circumstances prevailing at the time and place of the above described incident.

49. As a result of the foregoing, plaintiff, MOHAMMED OMAR, suffered bruising and swelling to his previously surgically repaired knee as well as injuries to his back and face causing him to fear for his safety and suffer violation of his constitutional rights.

### FOURTH CLAIM FOR RELIEF
### FOR FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

50. Plaintiff, MOHAMMED OMAR, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

51. Defendants failed to intercede to prevent or mitigate the injuries suffered by plaintiff as described above.

52. Defendant officers were presented with a realistic opportunity to prevent and/or mitigate the constitutional violations suffered by plaintiff as described above.

53. As a result of the foregoing, plaintiff, MOHAMMED OMAR, suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
May 11, 2015

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By:   MATTHEW SHROYER (MS-6041)
      80 Maiden Lane, 12th Floor
      New York, New York 10038
      (212) 962-1020